WILLIAM L. FRYE *v.* PHILIP KRASICKY

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 2-663-43492

Argued January 22—decided March 22, 1968

*Edward J. Holahan, Jr.,* of Bridgeport, for the appellant (defendant).

*Thomas C. Gerety,* of Bridgeport, for the appellee (plaintiff).

KINMONTH, J. This action was brought to recover damages for injury to person and property caused as a result of a motor vehicle accident, and the defendant filed a counterclaim for property damage. The jury found for the plaintiff on his complaint and on the counterclaim. The defendant appeals, alleging error in the charge and in certain rulings on evidence.

The plaintiff offered evidence to prove and claimed to have proved the following facts. On March 24, 1965, at approximately 4 p.m., he was operating a motor vehicle in a northerly direction on Chopsey Hill Road near the intersection of Woodrow Avenue. The defendant was operating a motor vehicle in an easterly direction on Woodrow Avenue. There was a stop sign on Woodrow Avenue approximately thirty to thirty-five feet westerly of the westerly line of its intersection with Chopsey Hill Road. The defendant failed to stop at the intersection, and the motor vehicles collided in the southwest quadrant of the intersection almost at the center of the intersection. The plaintiff received an abrasion to his left knee and a contusion of his left shoulder, for which injuries he incurred a doctor's bill in the amount of $125, a hospital bill for $43, and an x-ray bill for $20; his property damage amounted to $431.87. The plaintiff had sustained injuries to his right shoulder in an earlier accident on January 30, 1965.

The defendant offered evidence to prove and claimed to have proved the following facts. The defendant stopped at the stop sign on Woodrow Avenue, looked left and right and, not seeing any vehicles, proceeded into the intersection. A vehicle stopping at the stop sign would have a clear vision for a distance of 100 to 125 feet south on Chopsey Hill Road, and if it stopped at the westerly curb line of Chopsey Hill Road there would be a clear vision

for a distance of approximately 200 feet south on Chopsey Hill Road. The defendant's motor vehicle was damaged in the amount of $826.54.

We will first consider the defendant's exceptions to the court's charge to the jury. The record does not contain any written requests to charge. Consequently, we consider on appeal only the exceptions which were taken to the charge as given. *State* v. *Mallette,* 153 Conn. 584, 587. The first assignment of error is that the court erred in charging the jury that a stop by the defendant's motor vehicle at a point thirty feet from the intersection in question did not comply with the requirements of General Statutes § 14-301 (c), which reads as follows: "The driver of a vehicle shall stop in obedience to a stop sign at such clearly marked stop line or lines as may be established by the traffic authority having jurisdiction or, in the absence of such line or lines, shall stop in obedience to a stop sign at the entrance to a through highway . . . ."

The defendant took exception to the following charge: "If you find that the defendant stopped at the stop sign, and if you find that the stop sign was thirty feet from the intersection, and if you find that there were no clearly marked line or lines for the defendant to stop at, then you must find that the defendant did not comply with the requirements of the statute. Such failure to comply with the requirements of the statute is negligence." The defendant claims that this charge was erroneous because it did not permit the jury to consider as a question of fact where the entrance to a throughway began. See *Olson* v. *Musselman,* 127 Conn. 228, 237. Just prior to the above quoted charge the court, after reading the statute, charged: "Once an operator has complied with the provisions of the stop sign statute, he then may proceed and the drivers of all other vehicles approaching the intersection shall

yield the right of way to the vehicle so proceeding. So that it becomes important for you in analyzing the facts to ascertain whether or not the defendant in this case stopped at the stop sign in compliance with the statute." After the excepted-to part of the charge, the court further charged, "The statute also provides that when there is no clearly marked line to stop at, the operator shall stop in obedience to a stop sign at the entrance to a through highway. In such a situation, in the absence of a stop line, if you find that the operator failed to stop at the entrance of the throughway, then you must find that the defendant did not comply with the requirements of the statute and such failure to comply with the statute is negligence."

The charge taken as a whole adequately left for the determination of the jury whether the defendant had complied with the statute. "A charge must be read in its entirety and is to be considered from the standpoint of its effect on the jury in guiding them to a correct verdict." *Gulia* v. *Ortowski,* 156 Conn. 40, 47; *Lucier* v. *Meriden-Wallingford Sand & Stone Co.,* 153 Conn. 422, 426. The test of a court's charge is not whether it is as accurate upon legal principles as the opinion of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. *Lucier* v. *Meriden-Wallingford Sand & Stone Co.,* supra, 425. Repeatedly the charge reminded the jury that they were to consider all of the evidence in the case and the situation as they found it to be. Read in its entirety, the charge was accurate in law, adapted to the issues, and sufficient as a guide to the jury in reaching a correct verdict.

The next assignment of error to the charge is in regard to the items of special damages. The court charged as follows: "Now if you conclude after

considering all of the aspects of this case that your verdict should be for the plaintiff based on the rules as I have outlined them to you and on the evidence as you find it, there are the following items that you must consider and about which there appears to be no dispute. The property damage of the plaintiff, which is in reality his automobile damage, has been submitted to you as being $431.87. So that when you consider that item, if you consider it, you must use the figure $431.87. There's an item of St. Vincent's Hospital of $43 and an item of Dr. Dworken, an orthopedist, of $125, and there is an item of Dr. Horwitz, the x-ray man, of $20 for a total of $619.87, representing the total of the property damage and the medical expenses. Now if you conclude that the plaintiff should be entitled to a verdict after considering this entire matter, you must consider all of these items and to them you must add such a figure as in your judgment would be fair and reasonable compensation for the injuries and the suffering that he sustained." The defendant took exception as follows: "On the question of damages I think your Honor made the statement that certain special damages were not in dispute. I did not object to the admission of certain items but I do dispute as far as the reasonableness of some of these items on the basis of this other injury and some of his treatment. I don't want the jury to get the impression it was not disputed." The doctor testified that the bills were for treatment of the injuries in this case and that they were reasonable. The defendant offered no evidence as to their unreasonableness. Proof of the expenses paid or incurred affords some evidence of the value of the services, and if unreasonableness in amount does not appear from other evidence or through application of the trier's general knowledge of the subject matter, its reasonableness will be presumed. *Flynn* v. *First*

*National Bank & Trust Co.,* 131 Conn. 430, 436. The court in its charge merely said that there appeared to be no dispute and that the jury must consider these items, thus leaving the ultimate question of damages to the jury. Under the circumstances of this case and considering the charge as a whole, the court did not err. *Lucier* v. *Meriden-Wallingford Sand & Stone Co.,* supra. The tests of a charge are its accuracy in law, its adaptability to the issues, and its sufficiency as a guide to the jury in reaching a correct verdict. A charge must be judged in its entirety and not by critical examination of isolated words, phrases and passages culled from context. *D'Addario* v. *American Automobile Ins. Co.,* 142 Conn. 251, 254.

The final assignment of error to the charge concerns the possible verdicts which the jury could return. The defendant maintains that the court failed to instruct the jury that if they found for the defendant on the complaint they could also find for the plaintiff on the defendant's counterclaim. The court so instructed the jury, but the gravamen of the defendant's claim seems to be that in the court's final instruction to the jury as to the possible verdicts, it failed to include a form covering the situation. Both counsel agreed that the verdict forms were not proper, whereupon a discussion was held between the court and counsel as to the verdict forms. There is nothing in the record as to what action was taken on the verdict forms, but we must assume that, the court having instructed the jury thoroughly on this aspect of the case, the proper forms were submitted to the jury as a result of the conference, since no exceptions were thereafter taken.

The final assignment of error is the rejecting as evidence a complaint filed in the Court of Common Pleas by the plaintiff for a prior injury in which he

allegedly claimed similar injuries. The defendant offered the Court of Common Pleas file for two reasons, (1) to attack credibility and (2) as a judicial admission of prior similar injuries. The plaintiff objected to the evidence as being irrelevant and remote, and the court upheld the objection, stating that the injuries were different, the cause and time were different, and it would confuse the jury and be prejudicial to the plaintiff. In this ruling the court was correct under the circumstances. To be sure, both complaints contained a catchall clause under which almost any imaginable injury could be proved, but the Common Pleas Court action specifically mentioned the right shoulder, and although the complaint in the present case was general, the answer to the motion for disclosure confined the injuries to the left knee and left shoulder. Furthermore, at the time the offer was made the plaintiff had rested his case, and the testimony had been confined to the injuries as set forth in the answer to the motion for disclosure. As to the question of credibility, the plaintiff on direct examination stated that he had fully recovered from the earlier accident when he was injured on March 24, 1965. On cross-examination, he refuted this statement and testified that he had not fully recovered. Thus the introduction of the pleadings in the prior case, on the question of credibility, would have added nothing new. It is true that under certain circumstances pleadings in a prior action may be admissible not only to affect the credibility of the plaintiff as a witness but also as an admission by the plaintiff. *Kucza* v. *Stone,* 155 Conn. 194, 197. In the present action the claimed injuries were entirely different. If the evidence offered is speculative and remote or raises collateral issues far removed from the questions of fact presently before the trier, thus leading to a confusing and unrelated inquiry, the court may exercise a

proper discretion in excluding it. *Graybill* v. *Plant,* 138 Conn. 397, 404; *Lombardo* v. *Simko,* 3 Conn. Cir. Ct. 363, 369. The court acted within its legal discretion in excluding from evidence the complaint in the prior action.

There is no error.

In this opinion JACOBS and MACDONALD, Js., concurred.