CITY OF MARION, Appellant–
Plaintiff,

v.

Claude TAYLOR, Appellee–Defendant.

No. 27A02–0210–CV–857.

Court of Appeals of Indiana.

April 1, 2003.

P. Robert Dawalt, Jr., Marion, IN, Attorney for Appellant.

Scott P. Sullivan, Kokomo, IN, Attorney for Appellee.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Appellant–Plaintiff, City of Marion (City), appeals the trial court's involuntary

dismissal of the City's claim against Claude Taylor (Taylor) for property damages under Ind. Trial Rule 41(B).

We reverse and remand.

## ISSUE

City raises one issue on appeal, which we restate as follows: whether the trial court properly dismissed the City's claim pursuant to T.R. 41(B).

## FACTS AND PROCEDURAL HISTORY

On September 22, 2002, the City filed a complaint in the Grant Superior Court, Small Claims Division, claiming negligence by Taylor and Amanda Miley (Miley). The complaint alleged that on November 29, 1999, Taylor struck Miley's vehicle on the westbound lane of Kem Road in Marion, Indiana. Because of this collision, Miley's vehicle went up onto a curb and hit a stoplight. The City sought property damages for the stoplight in the amount of $11,768.97. On January 8, 2001, the City moved to transfer the case to the plenary docket. On July 10, 2001, the trial court subsequently ordered the case transferred to the plenary docket.

On February 11, 2002, the parties filed a stipulation dismissing Miley from the suit. On February 28, 2002, the trial court heard the claim against Taylor. Prior to the commencement of the City's case-in-chief, Taylor stipulated to his liability in the accident, leaving only the claim for damages to be litigated. At the close of the City's presentation of evidence, Taylor moved for dismissal of the City's claim under T.R. 41(B). The trial court took the motion under advisement pending the filing of memoranda by both parties. On June 6, 2002, the trial court found that the City had presented insufficient evidence to prevail on its claim and ordered the claim dismissed pursuant to T.R. 41(B).

On June 12, 2002, the City filed a Motion to Correct Errors alleging that Duane Holland (Holland), a signal technician for the City, was unavailable to testify at the trial and requested the trial court to permit Holland to testify at a new hearing. At the hearing of July 8, 2002, the trial court denied the motion.

The City filed a Notice of Appeal on June 15, 2002, and an amended Notice of Appeal on August 15, 2002.

The City now appeals. Additional facts will be supplied as necessary.

## DISCUSSION AND DECISION

The City claims that the trial court erred by involuntarily dismissing the City's claim for damages. Specifically, the City argues that it presented sufficient evidence as to the cost of repairs to the stoplight. Alternatively, Taylor maintains that the City failed to introduce evidence showing the actual damages to the stoplight.

Our standard of review with regard to motions for involuntary dismissal under T.R. 41(B) is well settled. T.R. 41(B) provides in pertinent part:

> After the plaintiff or party with the burden of proof upon an issue, in an action tried by the court without a jury, has completed the presentation of his evidence thereon, the opposing party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the weight of the evidence and the law there has been shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence

In reviewing a motion for involuntary dismissal, this court does not re-

weigh the evidence or judge the credibility of the witnesses; rather we only consider the evidence most favorable to the verdict and the reasonable inferences therefrom. *Chemical Waste Management of Indiana, L.L.C. v. City of New Haven,* 755 N.E.2d 624, 635 (Ind.Ct.App.2001); *Harco Inc. of Indianapolis v. Plainfield Interstate Family Dining Associates,* 758 N.E.2d 931, 938 (Ind.Ct.App.2001). This court will reverse the trial court only if the evidence is not conflicting and points unerringly to a conclusion different from the one reached by the lower court. *Chemical Waste Management of Indiana,* 755 N.E.2d at 635.

■■■■ The City alleges that it presented sufficient evidence as to the damages and the cost of repairs to the stoplight and, therefore, the trial court erred in dismissing its claim. When measuring a tortious injury to property attached to real estate, Indiana law applies two measures of damages. *Warrick County v. Waste Management of Evansville,* 732 N.E.2d 1255, 1258 (Ind.Ct.App.2000). In the case of permanent injury to property, the measure of damages is the value of the property before the injury. *Id.* Damages for temporary or repairable injury are measured by the cost of the repair. *Id.* After the plaintiff establishes a prima facie case for damages, the burden of proof then shifts to the defendant. *City of Anderson v. Salling Concrete Corp.,* 411 N.E.2d 728, 732 (Ind.Ct.App.1980); *General Outdoor Advertising Co. v. LaSalle Realty Corp.,* 141 Ind.App. 247, 218 N.E.2d 141, 150 (1966). A prima facie case is established when the costs of reparation are admitted into evidence. *LaSalle Realty,* 218 N.E.2d at 153.

In the instant case, Miley herself testified that her vehicle hit the pole of the stoplight. The record further shows that Diana Fisher (Fisher), the custodian of the records for the City of Marion, introduced an invoice for repairs to the stoplight in the amount of $11,348.97. According to Fisher's testimony, this amount represented repairs to the pole, arm, and electronic box of the stoplight. She admitted to having no personal knowledge of the actual damages. The trial record further reflects that the invoice introduced by Fisher showed that the City repaired the pole, arm, and electronic box of the stoplight. By submitting these costs of repairs as a measure of damages, the City intended to claim that the damage was temporary or repairable.

With all of this in mind, we find that the City established a prima facie case for damages. *See LaSalle Realty,* 218 N.E.2d at 153. As soon as the City's invoice was accepted into evidence by the trial judge, the burden of proof shifted to Taylor to establish that the damages were less than the costs submitted by the City.

Therefore, we find that the evidence points to a conclusion different from the one reached by the trial court. *Chemical Waste Management of Indiana,* 755 N.E.2d at 635. Consequently, the trial court erred in dismissing the City's claim for damages.

## CONCLUSION

Based on the foregoing, we conclude that the trial court wrongly dismissed the City's claim pursuant to T.R. 41(B).

Reversed and remanded.

BAKER, J., and MATHIAS, J., concur.