185 P.3d 867

## ASSOCIATION OF HOME OWNERS OF KAI NUI COURT by Its BOARD OF DIRECTORS, Plaintiff–Appellee,

v.

## CITY AND COUNTY OF HONOLULU, Defendant–Appellant.

### No. 27408.

Intermediate Court of Appeals of Hawai'i.

Feb. 28, 2008.

Laura A. Kuioka, Deputy Corporation Counsel, for Defendant–Appellant.

Terrance M. Revere, Jacqueline E. Thurston, Brianne L. Ornellas (Motooka Yamamoto & Revere), Honolulu, for Plaintiff–Appellee.

WATANABE, Presiding Judge, and NAKAMURA, and LEONARD, JJ.

Opinion of the Court by LEONARD, J.

Defendant–Appellant City and County of Honolulu (City) appeals from a Judgment filed on June 21, 2005 in the District Court of the First Circuit, Honolulu District (District Court).[1] The District Court entered Judgment in favor of Plaintiff–Appellee Association of Home Owners of Kai Nui Court (Association) and against City in the amount of $11,417.03 and costs in the amount of $147.00. The money damages were awarded to Association for property damage, *i.e.*, damage to Association's entry/exit gate that occurred when City's refuse truck came into contact with Association's gate.

On appeal, City argues that the District Court abused its discretion by granting Association's Motion for Reconsideration of the District Court's prior ruling, which granted City's oral District Court Rules of Civil Procedure (DCRCP) Rule 41(b)[2] Motion to Dismiss. For the reasons set forth below, we hold that: (1) it is not an abuse of discretion for a court to reconsider its ruling upon an oral motion when the court, upon review of persuasive legal authorities, determines that it made a mistake in its oral ruling; and (2) the District Court did not err in granting Association's Motion for Reconsideration. Accordingly, we affirm.

## BACKGROUND

Although the parties differ in their presentation of the events leading to Association's claim, the undisputed facts of this case are that City's refuse truck came into contact

---

1. The Honorable Gerald H. Kibe presided.

2. DCRCP Rule 41(b) provides, in relevant part:
   After the plaintiff has completed the presentation of the plaintiff's evidence, the defendant, without waiving the defendant's right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and law the plaintiff has shown no right to relief.

with Association's gate and Association's gate was damaged.

The relevant procedural facts are undisputed. On June 24, 2004, Association filed a Complaint for property damage against the City. On October 1, 2004, the matter was presented for trial before the District Court. At the close of Association's case, City made an oral DCRCP 41(b) Motion to Dismiss. The District Court orally granted City's motion and held that Association had failed to make a prima facie showing of damages, notwithstanding Association's argument that there were cases supporting the proposition that payment of a bill is sufficient to create a presumption that the expenses incurred were reasonable, necessary and appropriate.

On October 15, 2004, Association filed a Motion for Reconsideration, citing various authorities for the proposition that if a plaintiff actually pays money out of its own pocket in special damages, this payment is prima facie evidence of the amount and reasonableness of the damages. In opposition, City: (1) argued (correctly) that the Hawai'i cases cited by Association could not be relied on for that proposition; (2) acknowledged that the cases from other jurisdictions that were cited by Association were "persuasive" (but "not controlling"); and (3) argued that Association had not provided the District Court with any new evidence or argument that could not have been presented at trial.

After a December 15, 2004 hearing, the District Court entered an Order Granting Association's Motion for Reconsideration. The District Court also granted Association's motion to reopen the case to allow Association's gate repair person to present testimony and for City to present its evidence.

Further trial was conducted on December 30, 2004, and the District Court orally ruled that judgment would enter in favor of Association in the principal sum of $11,417.03 with awardable costs totaling $147.00. Findings of Fact and Conclusions of Law; and Order were entered on April 21, 2005. Judgment was entered on June 21, 2005. An appeal was timely noticed on July 14, 2005.

## ISSUES ON APPEAL

City's only points of error on this appeal are that: (1) the District Court erred in granting the Motion for Reconsideration; and (2) the District Court thereby erroneously denied City's Motion to Dismiss.

## STANDARD OF REVIEW

We review a "trial court's ruling on a motion for reconsideration ... under the abuse of discretion standard." *Ass'n of Apt. Owners of Wailea Elua v. Wailea Resort Co., Ltd.*, 100 Hawai'i 97, 110, 58 P.3d 608, 621 (2002). An abuse of discretion occurs if the trial court has "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." *Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 74 Haw. 85, 114, 839 P.2d 10, 26 (1992) (citation omitted).

## DISCUSSION

It is well established that the "purpose of a motion for reconsideration is to allow the parties to present new evidence or arguments that could not have been presented during the earlier adjudicated motion." *Amfac*, 74 Haw. at 114, 839 P.2d at 27 (citations omitted). We further recognize that a "motion for reconsideration is not time to relitigate old matters." *Id.* (citations omitted). This standard is not intended, however, to inflexibly bind the hands of a judge who determines that he or she has made an error.

As discussed above, the District Court ruled from the bench on an oral motion and dismissed Association's case for failure to establish prima facie proof of damages, notwithstanding Association's argument that there was case law supporting Association's position that the paid bill admitted into evidence created a rebuttable presumption of the amount and reasonableness of damages. Association later moved for reconsideration citing for this proposition various cases from Hawai'i and other jurisdictions.

City correctly argues that the Hawai'i cases cited by Association for reconsideration were not controlling precedent. *Gibson v. The Steamer Madras*, 5 Haw. 109 (1884), did not reach the issue of the reasonableness of the amount paid. *Ho v. Leftwich*, 88 Hawai'i 251, 965 P.2d 793 (1998), relied on a statutory

presumption in the "no fault" Motor Vehicle Insurance statute, Hawaii Revised Statutes § 431:10C–306 (1993). At best, *Ho* could be argued by analogy, *i.e.*, a presumption adopted by the legislature in one context should be adopted by the courts in another context.

However, several other jurisdictions that have considered the issue of whether a paid bill is prima facie evidence of, or a rebuttable presumption of, the amount and reasonableness of damages have decided that a paid bill supports a presumption. Association cited cases from Illinois and the District of Columbia adopting this approach. *See Omni Overseas Freighting Co., Inc. v. Cardell Ins. Agency,* 78 Ill.App.3d 639, 645, 33 Ill.Dec. 779, 397 N.E.2d 112, 117 (1979) (citations omitted) (holding that a paid bill is considered prima facie proof of reasonableness); and *Auxier v. Kraisel,* 466 A.2d 416, 420 (D.C.App.1983) (noting that, in various contexts, the District of Columbia has recognized that a paid bill fulfills the requirement of establishing fair and reasonable amount of damages). Other jurisdictions have recognized this presumption as well. *See, e.g., In re Gordon Urmson Builder & Sons, Inc.,* 295 B.R. 546, 551 (Bankr.W.D.Pa.2003) (under Pennsylvania law, amount paid by plaintiff may be presumed to be a reasonable measure of damages, subject to rebuttal evidence); *City of Marion v. Taylor,* 785 N.E.2d 663, 665 (Ind.App.2003) (a prima facie case for damages is established when costs of reparation are admitted into evidence); *Panorama Village Homeowners Assoc. v. Golden Rule Roofing, Inc.,* 102 Wash.App. 422, 428, 10 P.3d 417, 422 (2000) (in construction defect case, once injured party establishes cost of remedy, defending party bears burden of challenging this evidence); *Frye v. Krasicky,* 5 Conn. Cir. Ct. 164, 169, 247 A.2d 439, 442 (1968) (proof of expenses paid affords some evidence of value of the services, and if unreasonableness in amount does not appear from other evidence, its reasonableness will be presumed); *Smith v. Hill,* 237 Cal.App.2d 374, 388, 47 Cal.Rptr. 49, 58 (1965) (amount actually paid for repairs is evidence of reasonable value of necessary repairs, but estimated repair cost call for expert testimony); *H.A. Marr Grocery Co. v. Jones,* 203 Okla. 698, 700, 226 P.2d 392, 394–95 (1950) (when auto was damaged due to defendant's negligence, auto was repaired, and nothing cast suspicion on amount paid for repairs, such amount would be presumed to be reasonable).

City cited *Richards v. Kailua Auto Machine Service,* 10 Haw.App. 613, 622, 880 P.2d 1233, 1238–39 (1994), for the proposition that Association failed to make a prima facie showing of damages using the depreciation rule, which City argued was the appropriate measure of damages in this case. This rule gives the injured party the difference between the value immediately before and immediately after the damage. *Id.* In *Richards,* we did state that the depreciation rule is the traditional starting point in measuring damages. *Id.* We also stated, however, that:

[A]ll of the different measures for damages to personal property are merely guides to common sense and the question in each case is ultimately a question of fully compensating the injured party. Thus, the various measures should be adjusted as required to meet the goal of compensation. It follows then that no mechanical rule can be applied with exactitude in the assessment of property damage and each case must rest on its own facts and circumstances as supported by the proof in the record.

*Richards,* 10 Haw.App. at 623, 880 P.2d at 1238–39 (citations, brackets, internal quotation marks and ellipses omitted).[3]

■ Under the circumstances of this case and in light of the cited authorities, we cannot conclude that the District Court "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment" of City when the District Court reconsidered its action. To disturb the sound discretion of the District Court would be particularly unwarranted in this case because: (1) the District Court ruled on an *oral* Motion to Dismiss in the first instance, making reconsideration of

---

**3.** We also note that, in *Richards,* the defendant did not contest the award of corrective repair costs, only the plaintiff's claim for depreciative value *in addition* to the repair costs, for which there was a lack of evidence. 10 Haw.App. at 623, 880 P.2d at 1238–39.

questions of law, upon review of referenced authorities, less objectionable (in this situation, a trial judge should be allowed to self-correct); (2) City acknowledges that at least some of the authorities provide persuasive support for Association's position; and (3) City declined to avail itself of the opportunity to rebut either the prima facie case or the further evidence supporting Association's damages. If a court determines that it made a mistake in an oral ruling, upon review of persuasive legal authorities, it is not an abuse of discretion for a court to reconsider its decision.[4]

The District Court did not abuse its discretion when it reconsidered the dismissal of Association's Complaint after reviewing the authorities presented to it in Association's Motion for Reconsideration. Therefore, the Judgment filed on June 21, 2005, in the District Court of the First Circuit, Honolulu Division, is affirmed.

4. This holding does not expand or otherwise modify the purpose of or the limited circum-

stances under which a party may properly and timely bring a motion for reconsideration.