197 P.3d 776

Genevie Momilani KAINA,
Plaintiff–Appellant,

v.

Mark P. GELLMAN, D.O.; Cheryl Vasconcellos; Hana Community Health Center; Does 1–20, inclusive, Defendants–Appellees.

No. 28119.

Intermediate Court of Appeals of Hawai'i.

Dec. 11, 2008.

Dennis L. Buckley, on the briefs, for Plaintiff–Appellant.

William A. Bordner, John Reyes–Burke, (Burke McPheeters Bordner & Estes), Honolulu, on the briefs, for Defendants–Appellees.

RECKTENWALD, C.J., FUJISE and LEONARD, JJ.

Opinion of the Court by LEONARD, J.

Plaintiff–Appellant Genevie Momilani Kaina (**Kaina**) appeals from the Order Denying Plaintiff's Renewed Motion for Consolidation filed on July 27, 2006 (**Order**), by the Circuit Court of the Second Circuit (**Circuit Court**),[1] in which monetary sanctions were awarded against Kaina and in favor of Defendants–Appellees Mark P. Gellman, D.O. (**Dr. Gellman**), Cheryl Vasconcellos (**Vasconcellos**), and Hana Community Health Center (**Health Center**) (collectively, **Appellees**). The Circuit Court ordered Kaina to pay Appellees' attorneys' fees and costs incurred in defending the motion.

Kaina contends on appeal that the Circuit Court abused its discretion when it sanctioned her because: (1) there was no bad faith or other legal basis to do so; (2) the Circuit Court did not identify the sanctioning authority or, with reasonable specificity, the perceived misconduct; (3) the sanctions were unreasonable and punitive; and (4) there was no separate motion for sanctions. We hold that: (1) any award of sanctions against Kaina based on Hawai'i Rules of Civil Procedure (**HRCP**) Rule 11 was procedurally defective because there was no motion or order to show cause as required under HRCP Rule 11(c)(1); (2) a specific showing of bad faith is required to justify the use of the court's inherent power to sanction a represented party; and (3) Kaina's conduct in conjunction with the filing of a renewed motion to consolidate did not constitute and was not tantamount to bad faith. Therefore, we reverse.

I. *BACKGROUND*

On March 8, 2001, Kaina's twenty-three year old son, Perry Ka'eo Kaina (**Perry**) was involved in a motor vehicle accident on the Hana Highway in East Maui, and sustained serious internal injuries. Dr. Gellman treated Perry at Health Center, and Vasconcellos was the Executive Director at Health Center. The next day, on March 9, 2001, Perry died.

On July 2, 2003, Kaina filed a Complaint against Appellees for the wrongful death of Perry. Kaina asserted two counts: (1) a cause of action against Dr. Gellman and Health Center for professional negligence; and (2) a cause of action against Vasconcellos

---

1. The Honorable Joseph E. Cardoza presided.

and Health Center for negligently hiring Dr. Gellman.

The trial was initially scheduled for March 14, 2005, but was continued to July 25, 2005, over Kaina's objection, on a motion by the Appellees.

### A. *The Initial Bifurcation*

On July 14, 2005, in a hearing on a summary judgment motion, the Circuit Court[2] bifurcated Kaina's claims into two separate trials on: (1) the claim of medical malpractice against Dr. Gellman; and (2) the claim of negligent hiring against Vasconcellos. The Appellees had not made a motion to bifurcate the case, but had raised the issue of bifurcation in a supplemental reply memorandum on a defense motion for partial summary judgment, which was filed three days before the hearing on that motion. In light of an apparent need for additional expert witnesses and depositions related to the claim against Vasconcellos, and based on the court's independent research on the issue of bifurcation, the Circuit Court ordered bifurcation to prevent the delay of the trial against Dr. Gellman and Health Center for medical malpractice.

The Circuit Court instructed that if Kaina prevailed in the trial against Dr. Gellman, and "it turns out that the damages which are awarded by the jury go beyond that which the defendants have taking [sic] into account [based upon] the issue of respondeat superior which is basically admitted here, then the court will then schedule a subsequent trial against Miss Vasconcellos for the remainder of those damages." If the Appellees prevailed, the Circuit Court stated that "the likelihood of a second trial is nil since she would still—or the plaintiff would still have to prove the medical negligence and causation, and I think that will then at least permit this woman who has lost her son to have her day in court on the essential issue without a prolonged delay. . . ." Kaina's counsel objected to bifurcation, noting that he had not had an opportunity to research the subject and that he was not familiar with such bifurcating theories. Kaina also argued, unsuccessfully, that separate trials were not in her best interest.

On July 18, 2005, Kaina filed a declaration requesting Judge August's disqualification from her case for bias and prejudice, listing, inter alia, that he suggested that Kaina dismiss the action against Vasconcellos as an individual because it did not make "a great deal of difference" to the case, granted a motion to continue the trial at the Appellees' request over Kaina's objection, commented that Kaina's attorney was "courageous" for accepting her case and that medical malpractice cases are usually not successful at trial, and ordered bifurcation of her claims over her attorney's objection and despite Appellees' failure to file a motion, which would have given her an opportunity to file an opposition. On the same day, Judge August signed a Certificate of Recusation and Reassignment pursuant to Kaina's request. The July 25, 2005 trial date was vacated and the case was reassigned to Judge Cardoza.

*After* his recusal, on July 28, 2005, Judge August entered an Order re: Defendants' Renewed Motion for Partial Summary Judgment re: Claims Against Cheryl Vasconcellos and Hana Community Health Center, Inc. as Her Employer, Filed June 3, 2005, filed July 28, 2005. In this order, the Circuit Court stated the reasons for bifurcation of Kaina's claims and ordered separate trials pursuant to HRCP Rule 42(b).[3]

On October 27, 2005, Judge Cardoza rescheduled the case for a jury trial commencing June 5, 2006. At various junctures, Kaina sought unsuccessfully to have Judge August's post-recusal orders declared void.

### B. *The First Motion for Consolidation*

On March 28, 2006, Kaina filed a Motion for Consolidation and a Motion to Continue Trial. On April 19, 2006, the Circuit Court heard arguments from both parties on these motions, and orally denied both motions. Judge Cardoza characterized Kaina's motion

---

**2.** The Honorable Joel E. August presided.

**3.** After his recusal, Judge August entered three orders regarding the motions and other related matters heard at the July 14, 2005 hearing.

principally as a request for reconsideration of Judge August's bifurcation order.

THE COURT: The Court has considered the pleadings filed in connection with this motion—or these two motions and the arguments of the parties.

The Motion for Consolidation appears to the Court to be, in essence, a motion for reconsideration of previous orders—plaintiff argues otherwise—and, as a result, will attempt to address that on both levels.

If we first take the approach of the motion being one for reconsideration, in the Court's view, the motion to consolidate fails to raise any—any new issues or facts that could not have been presented earlier. And would fail for that reason.

If, on the other hand, we approach this as a—as a motion to consolidate, that is in—that is not, in essence, a motion for reconsideration. It is true that when actions involving a common question of law or fact are pending before a Court, the Court may order a joint trial of all matters at issue. The Court may order consolidation.

And there is no question that [HRCP] Rule 42(a)[ ] is designed to encourage consolidation where there are common questions of law or fact. The Court is given the broad discretion to determine whether consolidation would in fact be the appropriate and desirable manner of proceeding. The movant bears the burden of persuading the Court that consolidation is appropriate. And consolidation may be denied if it will cause delay or will lead to confusion or prejudice.

*If we look back at the history of the case ... looking back to the time that it was ... in Judge August's court, the parties were on the eve of a trial. And this case evolved into a case involving two claims of—a medical negligence claim and a negligent hiring, supervision, training claim.*

*It appears that Judge August, being confronted with the situation where the trial was in, the medical malpractice claim determined that would be appro-*

*priate to have that claim proceed to trial for a variety of reasons. And, essentially, chose that course as the appropriate method of dealing with the circumstances confronting the Court at that time.*

. . . .

*And if I—I am looking at this without any consideration to the history of this case, placing all factors related to the motion for reconsideration aside, in assuming that I am looking at this question for the very first time, we have a June 5th trial date, that date is, obviously, fast approaching.*

. . . .

*So we are, once again, in a situation where we are essentially on the eve of trial. And this—let's see. In the Court's view, considering all relevant factors, in considering the law that would apply here, would seem to be, in the Court's view, the appropriate way that this Court should rule as it relates to the motion for consolidation.*

(Emphasis added.)

On April 27, 2006, Kaina filed a notice of appeal of the interlocutory order denying her motion for consolidation.[4] On May 26, 2006, the supreme court dismissed the appeal as premature. However, after a May 17, 2006 hearing, the June 5, 2006 trial date was vacated due to the pendency of the appeal.

## C. The Renewed Motion for Consolidation

At this point, on June 5, 2006, Kaina filed a Renewed Motion for Consolidation. She argued that the previous rationale by both judges for separate trials—imminent trial dates and the need for further discovery—was no longer valid and that she would suffer "extreme prejudice" from separate trials. At the June 28, 2006 hearing, the Circuit Court characterized Kaina's "renewed" motion as a motion for reconsideration, denied it, and awarded Appellees their attorneys' fees and costs incurred in defending the motion, as requested in their opposition memorandum.

4. Kaina also filed a petition for writ of mandamus or prohibition, which was "denied without

prejudice to any remedy [Kaina] may have by way of appeal[.]"

The Circuit Court cursorily addressed the sanctions against Kaina, without reference to any standard or authority:

> In the memorandum in opposition to this motion, the non-moving parties request fees and costs for defending this motion, that it [sic] has been required to defend on more than one occasion, and in the Court's view the record requires the Court at this point in time, given the number of times the Court has dealt with this issue, that the Court grant the request. And so at this time, in addition to denying the motion, I will grant the request for fees and costs incurred by the non-moving party in defending this motion.
>
> I will instruct the attorneys for defendant to prepare the appropriate order. Submit an appropriate declaration, and submit the order in blank with respect to the fees and costs.

In the July 27, 2006 Order, the Circuit Court denied Kaina's motion, awarded sanctions against Kaina in the amount of $6,805.37, and ordered that payment be made within 90 days of the entry of the Order.

### D. *Further Proceedings*

On August 22, 2006, Kaina timely filed a notice of appeal from the Order.

Thereafter, in the Circuit Court, Kaina filed a motion for voluntary dismissal with prejudice of all claims against Appellees. In her motion, Kaina sought to preserve her right to appeal the Order. In an amended order on Kaina's motion, the Circuit Court declined to grant any reservation of a right to appeal, stating that the question of appellate jurisdiction should be decided by the appellate court.

5. This court's order stated:

    With respect to the first ruling within the July 27, 2006 order that denies Appellant Kaina's renewed motion to consolidate the two bifurcated counts in Appellant Kaina's complaint, the July 27, 2006 order (1) conclusively determines the disputed question and (2) resolves an important issue completely separate from the merits of the action, but (3) this portion of the July 27, 2006 order is not effectively unreviewable on appeal from a final judgment, because it does not appear that bifurcation would result in irreparable harm.

On October 26, 2006, Appellees filed a motion to dismiss this appeal. On November 3, 2006, this court entered an Order Granting in Part and Denying in Part the October 26, 2006 Motion to Dismiss Appeal. The order *granted* Appellees' motion to dismiss the appeal with respect to the denial of Kaina's renewed request for consolidation,[5] but *denied* the motion with respect to the sanctions against Kaina. The order also instructed that "when the parties file their appellate briefs, the parties shall limit their substantive arguments to the issue whether the circuit court erred when the circuit court sanctioned Appellant Kaina by ordering Appellant Kaina to pay the Appellees' attorneys' fees and costs within ninety days."

## II. *POINTS OF ERROR*

Kaina raises the following points of error on appeal:

■ If the sanctioning authority was Hawai'i Rules of Civil Procedure, Rule 11(c), the court reversibly erred in awarding attorneys' fees and costs against plaintiff, and abused its discretion, because: (a) there was no bad faith or other legal basis to do so; (b) the court did not identify the sanctioning authority or, with reasonable specificity, the perceived misconduct; (c) they were unreasonable and punitive; and (d) there was no separate motion for sanctions.

■ If the sanctioning authority was "inherent powers" or the codification of inherent powers found in H.R.S. Sec. 603–21.9(6), the court reversibly erred in awarding attorney's fees and costs as sanctions, and abused its discretion, because: (a) there was no bad faith or other legal basis to do so; (b) the court did not identi-

Furthermore, the supreme court has already held in Appellant Kaina's previous appeal in supreme court case number 27911 that an order denying a motion to consolidate bifurcated counts is not appealable under the collateral order doctrine. *Robinson v. Ariyoshi*, 65 Haw. 641, 655, 658 P.2d 287, 298 (1982) ("a statement of a superior court [is] binding on inferior tribunals"). Therefore, the portion of the July 27, 2006 order that denies Appellant Kaina's renewed motion to consolidate the bifurcated counts is not appealable under the collateral order doctrine.

fy the sanctioning authority or, with reasonable specificity, the perceived misconduct; and (c) they were unreasonable and punitive; and (d) there was no separate motion for sanctions.

## III. STANDARDS OF REVIEW

■ " 'All aspects of a HRCP Rule 11 determination should be reviewed under the abuse of discretion standard.' " *Gap v. Puna Geothermal Venture*, 106 Hawai'i 325, 331, 104 P.3d 912, 918 (2004) (quoting *Canalez v. Bob's Appliance Serv. Ctr., Inc.*, 89 Hawai'i 292, 300, 972 P.2d 295, 303 (1999)). "The trial court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (citations and internal quotation marks omitted). An abuse of discretion also occurs when the trial court has "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." *Ass'n of Home Owners of Kai Nui Court ex rel. Bd. of Dirs. v. City and County of Honolulu*, 118 Hawai'i 119, 121, 185 P.3d 867, 869 (App.2008) (citation and internal quotation marks omitted).

■ Regardless of whether sanctions are imposed pursuant to statute, circuit court rule, or the trial court's inherent powers, such awards are reviewed for an abuse of discretion. *Gap*, 106 Hawai'i at 331, 104 P.3d at 918 (citing *Bank of Hawaii v. Kunimoto*, 91 Hawai'i 372, 387, 984 P.2d 1198, 1213 (1999)).

## IV. DISCUSSION

With respect to the sanctions levied against Kaina, the Circuit Court's Order merely states:

> IT IS FURTHER ORDERED that Plaintiff Genevie Momilani Kaina shall pay to Defendants the amount of $6,805.37 in costs and attorneys' fees incurred in connection with Plaintiff's Renewed Motion For Consolidation, and that said amount shall be paid within 90 days of the entry of this Order.

As noted by Kaina, the Order does not state whether sanctions were imposed against her pursuant to HRCP Rule 11 or the Circuit Court's inherit powers under Hawaii Revised Statutes (**HRS**) § 603–21.9(6) or some other authority. In the Answering Brief, Appellees cite *no* statute, rule, or case law supporting the award of sanctions in this case.[6] Thus, we will address the alternative bases raised in Kaina's briefs.

### A. Rule 11 Sanctions

HRCP Rule 11 provides in part:

**Rule 11. Signing of pleadings, motions, and other papers; representations to court; sanctions**

(a) *Signature.* Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party....

(b) *Representations to Court.* By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if

---

6. Nor do Appellees address the authorities cited by Kaina.

specifically so identified, are reasonably based on a lack of information or belief.

(c) *Sanctions.* If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) HOW INITIATED.

(A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

(B) On Court's Initiative. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

(2) NATURE OF SANCTION; LIMITATIONS. A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys'

fees and other expenses incurred as a direct result of the violation.

(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

(B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

(3) Order. When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

■  We conclude that any award of sanctions against Kaina based on Rule 11—if that were the basis for the Circuit Court's award—was procedurally defective. Pursuant to HRCP Rule 11(c)(1), sanctions may be initiated one of two ways, either: (1) by a separate motion filed by a party, or (2) on a court's own initiative upon an order directing the offending attorney or party to show cause why it has not violated Rule 11(b). Neither of these procedures were used in this case. The sanctions were awarded against a party, Kaina, based upon a request included in Appellees' opposition to Kaina's Renewed Motion for Consolidation. Indeed, Rule 11 sanctions may be imposed only upon "the person who signed" the "pleading, motion, or other paper" and Kaina did not sign the Renewed Motion for Consolidation. *See* HRCP Rule 11(b); *see also Enos v. Pac. Transfer & Warehouse, Inc.,* 79 Hawai‘i 452, 457, 903 P.2d 1273, 1278 (1995). Thus, we conclude that the sanctions against Kaina were not properly grounded in HRCP Rule 11.

### B.  *Inherent Powers Sanctions*

■  Hawai‘i courts "have the inherent power and authority to control the litigation process before them and to curb abuses and promote fair process including, for example, the power to impose sanctions for abusive litigation practices." *Bank of Hawaii v. Kunimoto,* 91 Hawai‘i at 387, 984 P.2d at

1213. HRS § 603–21.9(1) & (6)[7] is a legislative restatement of the inherent powers doctrine. *Kukui Nuts of Haw., Inc. v. R. Baird & Co., Inc.,* 6 Haw.App. 431, 436, 726 P.2d 268, 272 (1986).

The Hawai'i Supreme Court has held: "It is well settled that a court may not invoke its inherent powers to sanction an attorney without a specific finding of bad faith." *Bank of Hawaii,* 91 Hawai'i at 389, 984 P.2d at 1215 (citations omitted). The supreme court has also stated that "sanctions are not to be assessed without full and fair consideration by the court. They often entail a fine which may have more than a token effect upon an attorney's resources. More importantly, they act as a symbolic statement about the quality and integrity of an attorney's work-a statement which may have a tangible effect upon the attorney's career." *Enos,* 79 Hawai'i at 458, 903 P.2d at 1279. In support of its recognition that "a particularized showing of bad faith is required to justify the use of the court's inherent power," the supreme court quoted a federal appellate case:

> [W]e have declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color, and are taken for reasons of harassment or delay or for other improper purposes and a high degree of specificity in the factual findings of the lower courts.

*Id.* (citations omitted).

■ We hold that a represented party is entitled to at least the same protections as his or her counsel prior to the levy of sanctions directly against the party.[8] A court may not invoke its inherent powers to sanction a represented party without a specific finding of bad faith. In addition, the court's order must inform the party of the authority pursuant to which he or she is to be sanctioned. *See Fujimoto v. Au,* 95 Hawai'i 116, 153, 19 P.3d 699, 736 (2001) (such findings allow for more meaningful appellate review and assures litigants that the decision to sanction was the product of thoughtful deliberation; publication clarifies and enhances the deterrent effect of the ruling); *Enos,* 79 Hawai'i at 459, 903 P.2d at 1280. There are no such findings in this case.

Kaina's Renewed Motion for Consolidation, signed by counsel, stated the purported grounds for again seeking this relief from the Circuit Court: "Plaintiff renews her motion to consolidate on the grounds that significantly changed circumstances—i.e., the June 5, 2006 trial date has been vacated—obviates [sic] the stated reasoning (delay) for denying the earlier motion to consolidate." The Renewed Motion for Consolidation essentially argued that there were "new arguments" favoring consolidation that could not have been made earlier because of the changes in the procedural posture of the case. There were, however, other legal grounds argued in the motion and its accompanying memorandum (signed by counsel) that clearly repeated and rehashed earlier arguments. Kaina's declaration stated more personal reasons for the renewed request for a single trial:

> 1. I am the plaintiff in the present case, and I am the mother of Perry Ka'eo Kaina, deceased since March 9, 2001.
>
> 2. I am 49 years of age, and have been widowed since October, 1999, when my husband, and Perry's father, Francis Kaina died.
>
> 3. I have been disabled since a serious automobile accident when I was 14 years old caused permanent right arm, hip and leg deformities.

7. HRS § 603–21.9 provides in relevant part:

> **§ 603–21.9 Powers.** The several circuit courts shall have power:
> (1) To make and issue all orders and writs necessary or appropriate in aid of their original or appellate jurisdiction;
> . . . .
> (6) To make and award such judgments, decrees, orders, and mandates, issue such executions and other processes, and do such other acts and take such other steps as may

be necessary to carry into full effect the powers which are or shall be given to them by law or for the promotion of justice in matters pending before them.

8. As Kaina, rather than her attorney, was sanctioned in this case, we do not opine on whether her attorney's conduct constituted or was tantamount to bad faith, and thus we do not decide whether sanctions could have been levied against Kaina's attorney.

4. On my mother's side I am a descendant of the original inhabitants of these islands. Perry's father, on both his fraternal and maternal sides, is also a descendant of the original inhabitants. Our families have lived in Hana longer than oral history records.

. . . .

7. After lengthy deliberation and prayer I decided to initiate this lawsuit because I was informed, and believed, that in the courts of the State of Hawai'i party defendants are held accountable for negligent misconduct that causes loss or harm to others, and it was my hope that by drawing attention to the events of March 8, 2001, others might avoid loss of the kind for which I have, and still have, suffered so much.

8. The anticipation of a trial, and hearing testimony of the events of March 8–9, 2001, and the testimony of others who knew and loved my son, and who knew how close we were, will be very painful and heartbreaking; however I am willing to accept hurt for the greater good and because I knew it would possibly occur when I decided to file this case.

9. I was not informed, and did not expect, there would be two trials: one against Dr. Gellman and one against Ms. Vasconcellos. I find the idea of twice being subjected to this ordeal to be deeply hurtful and, for reasons I do not understand, punitive for me, and for members of my family and community who will testify.

10. I would respectfully request, in fairness and with consideration to all witnesses and parties, that there be just one fair trial of both my claims against Dr. Gellman and Ms. Vasconcellos, so that this case can be concluded and I can live in peace with the loving memories of my son.

Clearly, Kaina had no opportunity to express her personal reasons for opposing bifurcation when the Circuit Court took up the matter based upon a supplemental reply memorandum related to a partial summary judgment motion. Thus, there was no opportunity for Kaina to file a written response

prior to the Circuit Court's initial ruling mandating two trials. It is equally clear that Kaina could have, but did not, previously raise these issues when she filed the first Motion for Consolidation. *See, e.g., Ass'n of Home Owners of Kai Nui Court,* 118 Hawai'i at 121, 185 P.3d at 869 (the purpose of a motion for reconsideration is to allow the parties to present new evidence or arguments that could not have been presented during the earlier adjudicated motion).

Nevertheless, based on our review of the entire record, we conclude that Kaina's conduct in conjunction with the Renewed Motion for Consolidation did not constitute and was not tantamount to bad faith. *See Enos,* 79 Hawai'i at 459, 903 P.2d at 1280 (sanction order did not contain findings, therefore supreme court reviewed entire record for abuse of discretion). While Kaina's declaration and legal arguments were arguably insufficient to support reconsideration of the Circuit Court's earlier rulings, they were not entirely without color and did not appear to be taken for reasons of harassment or delay.[9] It appears that the Circuit Court's sanctions merely shifted the burden of Appellees' attorneys' fees and costs to Kaina, rather than corrected abusive litigation. *See, e.g., Gap,* 106 Hawai'i at 341–42, 104 P.3d at 928–29. We conclude that the Circuit Court abused its discretion when it sanctioned Kaina in this case.

We further note that, in light of the supreme court's cautionary observation that sanctions "often entail a fine which may have more than a token effect upon an attorney's resources," it is appropriate for a court to consider the effect of monetary sanctions on a non-attorney's resources. *See Enos,* 79 Hawai'i at 458, 903 P.2d at 1279. Albeit after-the-fact, Kaina submitted a declaration to the Circuit Court attesting to the fact that she is totally disabled, the sole provider for her financial support; and lives on social security disability ($1,096 monthly) and a small pension ($138.11 twice monthly). While not a bar to sanctions against a party under circumstances warranting them, Hawai'i courts should consider the effect of sanctions upon a party's resources in conjunction with a deci-

9. We note that, at that point, there was no trial   date.

sion to levy sanctions, upon a party's timely submission of an affidavit, a declaration in lieu of affidavit, or other evidence pertinent to the issue.

### C. *Kaina's Request for Costs*

Kaina requests an award of her costs on appeal, but did not comply with Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 39. *See* HRAP Rule 39(d)(1) ("A party who desires an award of attorney's fees and costs shall request them by submitting an itemized and verified bill of fees and costs, together with a statement of authority for each category of items and, where appropriate, copies of invoices, bills, vouchers, and receipts.") Therefore, Kaina's request for costs on appeal is denied without prejudice to the timely filing of an appropriate request. *See* HRAP Rule 39(d)(1) and (2).

### V. *CONCLUSION*

Based on the foregoing, to the extent that it awarded attorneys' fees and costs in favor of Appellees and against Kaina, the Circuit Court's July 27, 2006 Order is reversed. Kaina's request for costs on appeal is denied without prejudice.