YUEN LIN LAU, Plaintiff-Appellee, *v.* WALTER C. WONG; RAYMOND W. M. LEE, Trustees for Douglas K. J. Wong, Andrea S. K. Wong, Hubert K. C. Wong and Linda S. Y. Wong, Defendants-Appellants, and CHARLES B. Y. LEONG, Defendant

NO. 6482

SEPTEMBER 22, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is a suit by one general partner of a limited partnership for the appointment of a receiver, an accounting and termination of the partnership. A counterclaim was filed praying for damages for attempted or wrongful dissolution of the partnership. The court below ruled in favor of the

plaintiff-appellee, ordering a receivership, an accounting and termination of the partnership. The issues are (1) whether the court below erred in holding Count I of the complaint was not *res judicata* by reason of the dismissal of an earlier suit for want of prosecution, (2) whether the court below erred in finding that defendant-appellant breached the agreement by failing to make the books and records of the partnership available to the plaintiff-appellee, (3) whether the court properly ordered termination of the partnership and (4) whether plaintiff-appellee on dissolution is limited under the partnership agreement to recovery of his contribution only. We answer the first and third questions yes, and the second and fourth no.

The limited partnership agreement in question was entered into as of January 1, 1957. Appellee was a general partner as was Appellant Walter C. Wong. The partnership was engaged in the construction business. In 1968 or 1969, it was involved in two losing contracts. The appellant apparently blamed appellee's on-the-job supervision for the losses and from that time forward, the appellee had little active involvement in the partnership business. Commencing in 1969, the partnership no longer engaged in the construction business. The appellant disposed of the machinery and equipment except for two automobiles which he continued to use. In 1974, appellant closed the partnership office. The partnership assets consist of a six-unit apartment house and approximately $75,000.00 in cash and securities.

In 1973, appellee's attorneys asked to examine the partnership records but appellant refused unless an accountant be employed at appellee's expense to conduct the examination, the examination takes place in the offices of appellant's personal accountant, and the examination be restricted to only what constituted appellee's share of the partnership capital. There have been no partnership meetings and there has been no accounting with respect to the partnership assets.

On August 9, 1971, appellee filed a complaint against appellant, alleging the failure to allow appellee to examine the partnership books from January 1, 1967 through August 1,

1971 and praying for a dissolution of the partnership, appointment of a receiver and the winding up of the partnership affairs. That complaint was dismissed for want of prosecution by an order filed October 13, 1972. On April 30, 1974, the original complaint was filed herein. Appellant moved to dismiss on the grounds of *res judicata*. That motion was denied. Appellee subsequently amended his complaint on July 8, 1974, setting forth five counts, two of which, III and V, were subsequently withdrawn. Appellant answered and counterclaimed for damages. The case was tried jury-waived and on July 3, 1975, findings of fact and conclusions of law upholding appellee's complaint as to Counts I, II and IV were entered. On the same day, a judgment ordering dissolution and termination of the partnership, the appointment of a receiver and other relief was also entered.

The first question raised is whether the court erred in holding that Count I of the amended complaint was not barred by *res judicata*. Since Count I contained the identical allegations as in the earlier complaint which was dismissed for failure of prosecution, it is clear that under the express terms of Rule 41(b), *Hawaii Rules of Civil Procedure* (HRCP), the earlier dismissal was an adjudication on the merits. That Rule provides in part:

> For failure of the plaintiff to prosecute . . . a defendant may move for dismissal of an action or of any claim against him. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits.

The court below thus erred in holding that Count I was not *res judicata*.

This, however, has no affect on the outcome of the case. The parties were still partners as of the date of the dismissal of the previous action, their duties were still governed by the partnership agreement, appellant was still in charge of the books of account of the partnership and, under Article XII, still had the duty to maintain them at all business hours open to the examination of the partners.

The court below found that subsequent to the date of dismissal (as well as before), he did not do so. There is ample

evidence in the record to support this finding and hence the finding that appellant had breached Article XII of the partnership agreement is not clearly erroneous.

Under the provisions of § 425-132, *Hawaii Revised Statutes* (HRS), the court below had power on a partner's application to decree a dissolution of a partnership if it found that a partner had willfully or persistently committed a breach of the partnership agreement, or had so conducted himself in matters relating to the partnership business that it was not reasonably practicable to carry on the business in partnership with him and/or that other circumstances rendered a dissolution equitable. The findings of fact of the court below are all supported by substantial evidence and are not clearly erroneous. They establish appellant's management of the business, his withholding and refusing to disclose significant information concerning the business, his failure to call any meetings concerning the business and the fact that the business existed solely for the benefit and use of the appellant. In such a situation, under the statute cited, the court had the power to decree a termination of the partnership. Moreover, in view of the record in this case, the court clearly had the power to appoint a receiver to wind up the partnership affairs. 65 Am. Jur.2d *Receivers* §§ 42, 44.

This brings us to appellant's claim that appellee, by the terms of Article XV of the partnership agreement, is limited on a dissolution at his request to receiving his contribution to the capital of the partnership. We hold that Article XV does not govern this situation since it deals with the withdrawal of a contribution of a partner in circumstances where the withdrawal does not cause the dissolution of the partnership. Here, the construction business had already been terminated by the voluntary act of the appellant and, by order of the court below, the partnership is to be dissolved. Therefore, appellee is not limited to a return of his contribution to the partnership. The judgment below is affirmed.

*Walter G. Chuck (Huddy T. Lucas* on the Opening Brief) for defendants-appellants.

*Dennis A. Ing* for plaintiff-appellee.