**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000344
26-FEB-2025
08:44 AM
Dkt. 100 SO**

NOS. CAAP-21-0000344 and CAAP-21-0000475

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN RE PUMEHANA HUI LP DISSOLUTION

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 1CSP-20-0000056)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Respondent-Appellant **Greene Lane** Capital LLC appeals

from the Circuit Court of the First Circuit's April 22, 2021

Final Judgment, and four orders.[1]

---

[1] Greene Lane also appeals from the circuit court's:

- June 16, 2020 Order Denying Greene Lane's Motion to Dismiss Applicant-Appellee **MJF** Development Corporation's Amended Application for Judicial Dissolution of **Pumehana** Hui LP;

- October 5, 2020 Order Granting MJF's Motion for Summary Judgment;

(continued . . .)

In February 2013, **MJF** Development Corporation, **Greene Lane** Capital LLC, Dennis W. **Mahoney** as Trustee of the Declaration of Revocable Trust of Dennis W. Mahoney Dated November 14, 2004, and **Renee** E. Mola formed Hawaiʻi limited partnership **Pumehana** Hui LP. On February 22, 2013, general partner MJF,[2] and limited partners Greene Lane, Mahoney, and Renee entered into Pumehana's limited partnership agreement. Pumehana's sole purpose was "to engage in the business of owning, developing, operating and disposing of a real estate development project" of 180 affordable condominium units located at 929 Pumehana Street (**Project**).

On March 10, 2020, MJF filed an amended application for judicial dissolution. MJF then moved for summary judgment, which was granted. On April 22, 2021, the circuit court entered final judgment in favor of MJF and against Greene Lane. Greene

_____

(. . . continued)

- October 8, 2020 Order Granting in Part and Denying in Part Respondent-Appellee **Renee** E. Mola's Motion for Injunction Against Further Contact; and

- July 21, 2021 Findings of Fact (**FOF**), Conclusions of Law (**COL**), and Order Denying Greene Lane's Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 60(b)(4) Motion (**FOF, COL, and Order Denying Greene Lane's HRCP Rule 60(b)(4) Motion**).

The Honorable Dean E. Ochiai entered the April 22, 2021 Final Judgment and the July 21, 2021 FOF, COL, and Order Denying Greene Lane's HRCP Rule 60(b)(4) Motion.

The Honorable Lisa W. Cataldo entered the other orders from which Greene Lane appeals.

[2] MJF president **Franco** J. Mola is Renee's husband.

2

Lane appealed, creating CAAP-21-0000344, and raises nine points of error.

On May 21, 2021, Greene Lane moved for relief from the final judgment under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 60(b)(4),[3] which the circuit court denied.  Greene Lane appealed, creating CAAP-21-0000475, and raises two additional points of error.[4]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and affirm.

(1)  Greene Lane's first and seventh points of error are related.  Greene Lane contends the circuit court erred in not requiring MJF to file a complaint and in treating the case as a special proceeding outside of the HRCP.  Greene Lane also contends it was denied due process because "[t]he whole point of the HRCP, of course, is to provide that very process *from the outset*."

---

[3]  HRCP Rule 60(b)(4) provides:  "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void[.]"

[4]  Greene Lane actually raises eight points of error on appeal in CAAP-21-0000475, and the first six points are substantially the same as the points raised in CAAP-21-0000344.  Thus, we address the two additional points raised.

On April 29, 2022, this court entered an order consolidating CAAP-21-0000344 and CAAP-21-0000475.

The amended application for judicial dissolution was filed pursuant to Hawaiʻi Revised Statutes (**HRS**) § 425E-802 (2004). HRS § 425E-802 provides that the circuit court may order a limited partnership's dissolution upon "application by a partner[.]" Though HRS Chapter 425E does not define the term "application," it is generally defined as "[a] request or petition." See HRS § 1-14 (2009); Application, Black's Law Dictionary (12th ed. 2024).

Petitions are treated as complaints commencing civil actions where a statute or court rule requires a particular cause of action be commenced by a petition. See Hawaii Home Infusion Assocs. v. Befitel, 114 Hawaiʻi 87, 88 n.2, 157 P.3d 526, 527 n.2 (2007); In re Lease Cancellation of Smith, 68 Haw. 466, 468, 719 P.2d 397, 399 (1986). Thus, MJF was not required to file a "complaint." See generally Lau v. Wong, 1 Haw. App. 217, 219, 616 P.2d 1031, 1033 (1980) (indicating circuit court had power to hear partner's application for decree of dissolution).

And no authority indicates an HRS § 425E-802 special proceeding is outside the HRCP. See HRCP Rule 81(i) ("Except as otherwise provided in Rule 72 or in this Rule 81, these rules shall apply to all actions and proceedings of a civil nature in any circuit court . . . and for that purpose every action or

proceeding of a civil nature in the circuit court shall be a 'civil action' within the meaning of Rule 2.") (emphasis added).

Thus, the circuit court did not err in proceeding with MJF's amended application in the underlying special proceeding, and did not deny Greene Lane due process based on its HRCP argument.

(2) In its second, third, and fourth points of error, Greene Lane contends the circuit court abused its discretion in not joining Mahoney or Pumehana as parties to the special proceeding and erred in hearing the merits of the case without first joining Mahoney or Pumehana.

Mahoney was named as a respondent to the special proceeding in MJF's amended application for judicial dissolution, as Greene Lane concedes in its opening brief filed in CAAP-21-0000344.

As to Greene Lane's arguments that Pumehana was a necessary party, the Uniform Limited Partnership Act (**ULPA**) and the 2001 version of the Revised Uniform Limited Partnership Act (**RULPA**), "do not require that the partnership itself, as an entity, be a party to an action seeking its own judicial dissolution and winding up." Matz v. Bennion, 961 S.W.2d 445, 454 (Tex. App. 1997) (determining as all partners or their representatives were before the court "it had jurisdiction to judicially dissolve the partnerships").

5

Greene Lane's assertion that it was improper for the circuit court to hear the merits of the case without first joining Mahoney or Pumehana lacks support because all necessary parties to the proceeding were joined.

Thus, the circuit court did not err or abuse its discretion.

(3) In its fifth point of error, Greene Lane contends the circuit court abused its discretion in "truncating the discovery process" as the circuit court did not grant the request for an HRCP Rule 56(f) continuance.[5] (Formatting altered.)

A request for continuance "must demonstrate how postponement of a ruling on the motion will enable [the litigant], by discovery or other means, to rebut the [summary judgment] movants' showing of absence of a genuine issue of fact." Acoba v. Gen. Tire, Inc., 92 Hawaiʻi 1, 9, 986 P.2d 288, 296 (1999) (internal quotation marks and citation omitted).

---

[5] HRCP Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Here, Greene Lane sought a continuance to conduct extensive discovery, anticipating "that it will take **3-6 months** to propound adequate written discovery on the parties and entities[.]"  Greene Lane explained that "discovery would be relevant to whether Pumehana can practicably carry on in accordance with its Partnership Agreement."

Assuming, *arguendo*, Greene Lane met its burden, there was no abuse of discretion.  Following a hearing on the matter, the circuit court granted Greene Lane a 45-day continuance to conduct discovery as to Pumehana's "current debt and liabilities and assets as well as its entitlements for the development (described in paragraph 2.2 of the Limited Partnership Agreement) and the current status of development."  (Emphases omitted.)  The circuit court also allowed Greene Lane to "inquire as to the feasibility of obtaining refinancing for the development going forward[,]" via a deposition of MJF. (Emphasis omitted.)  The circuit court then instructed that "[i]f issues arise regarding the scope of permissible discovery or its timing, the parties shall request a further Rule 16 conference with the Court."  (Emphasis added.)

Greene Lane does not assert, and the record does not show, it requested a further conference.  The circuit court thus did not abuse its discretion.

(4)  In its sixth point of error, Greene Lane contends the circuit court erred in granting MJF's summary judgment motion, determining there was no genuine issue of material fact. Greene Lane also contends the circuit court abused its discretion in denying Greene Lane's motion for reconsideration.

**(a)  Motion for Summary Judgment**

Greene Lane argues "[t]he Partners were not 'hopelessly deadlocked'" and the "spirited communications" represented "resolvable discord between the Partners."

As MJF initiated the proceeding below and moved for summary judgment, it bore the burden to show there was not a "genuine issue of material fact" as "to the essential elements of the claim" and that it was "entitled to summary judgment as a matter of law."  Ralston v. Yim, 129 Hawaiʻi 46, 56, 292 P.3d 1276, 1286 (2013) (citation omitted).  If MJF satisfies this burden, the burden shifts to Greene Lane to demonstrate "the existence of a triable, material factual issue" or adduce "evidence of material facts which demonstrate the existence of affirmative defenses that would defeat the plaintiff's claim." Ocwen Fed. Bank, FSB v. Russell, 99 Hawaiʻi 173, 183, 53 P.3d 312, 322 (App. 2002) (citation omitted).

To support its claims that dissolution was necessary as the partners were deadlocked in a dispute and Pumehana's purpose could no longer be fulfilled due to the Project's

8

"imminent foreclosure[,]" MJF provided copies of e-mails and texts from Greene Lane's member-manager Yang **Suh** requesting information from Franco, and indicating Suh would not approve new financing agreements to pay off the Bank of Hawaii Note due to his deepening frustration with, and hostility towards Franco and Renee regarding the partnership and proposed financing agreements.

Some of Suh's messages included insults, swearing, threats (including litigation and indicating he would pay a houseless individual $1,000 to defecate on Franco's grave), and character attacks directed at Franco, Renee, their children, and others.

Various ULPA/RULPA jurisdictions across the country have held that management deadlock, "evidence of ill-will, dissension, and antagonism between the partners[,]" or "an irreparable deterioration of a relationship between partners" are valid bases for dissolution. See, e.g., In re Rueth Dev. Co., 976 N.E.2d 42, 55 (Ind. Ct. App. 2012); Cobin v. Rice, 823 F. Supp. 1419, 1426 (N.D. Ind. 1993); Brennan v. Brennan Assocs., 977 A.2d 107, 120, 120 n.14 (Conn. 2009).

Based on the evidence it presented, MJF showed there was no genuine issue as to the partners' relationship, and that it was "not reasonably practicable to carry on the activities of

the limited partnership in conformity with the partnership agreement."  HRS § 425E-802.

The burden then shifted to Greene Lane, which did not produce any evidence to support its claims that the messages reflected "mere discord" between the parties or that there were issues as to whether Pumehana could carry on its activities in conformity with its partnership agreement.  See Russell, 99 Hawaiʻi at 183, 53 P.3d at 322.

Thus, the circuit court did not err in granting MJF's summary judgment motion.

### (b)  Motion for Reconsideration

Greene Lane also contends the circuit court abused its discretion in denying its motion for reconsideration because the City Council's extension of the Project's construction deadline "from May 6, 2021, to May 6, 2024" was "newly discovered evidence" as the extension was approved after the circuit court's hearing on MJF's summary judgment motion.

> [T]he purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion.  Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding.

Cho v. State, 115 Hawaiʻi 373, 384, 168 P.3d 17, 28 (2007) (citation omitted).

10

On August 24, 2020, Greene Lane notified the circuit court that a resolution to extend the construction deadline was pending approval from city authorities. The hearing on the motion for summary judgment was on September 3, 2020, where the circuit court took the matter under advisement, issuing no oral ruling. The City Council extended the construction deadline on September 9, 2020. The circuit court entered its order granting summary judgment on October 5, 2020. See generally Sousaris v. Miller, 92 Hawai'i 505, 514, 993 P.2d 539, 548 (2000); Cho, 115 Hawai'i at 384, 168 P.3d at 28.

Because Greene Lane knew the proposal to extend the construction deadline was pending and the City Council extended the deadline about a month before the circuit court ruled on the motion for summary judgment, the extension could have been presented to the circuit court prior to its ruling on the motion and was not "new" evidence. Even if the extension was new evidence, it was not material to the issue of ill-will, dissension, and antagonism among the parties to create a genuine issue of material fact.

Thus, the circuit court did not abuse its discretion in denying Greene Lane's motion for reconsideration.

(5) In its eighth point of error, Greene Lane contends the circuit court abused its discretion by "not adequately screen[ing] this matter for a conflict of

11

interest[,]" arguing "[t]he appearance of impropriety and partiality is present because, while in private practice, Judge Cataldo was adverse to Mahoney in two lawsuits."

Greene Lane appears to primarily rely on Hawai'i Revised Code of Judicial Conduct (**HRCJC**) Rule 2.11 to support its arguments. HRCJC Rule 2.11(a)(6)(A) requires that a judge disqualify or recuse themselves if the judge "served as a lawyer in the matter in controversy":

> (a) Subject to the rule of necessity, a judge shall disqualify or recuse himself or herself in any proceeding in which the judge's impartiality* might reasonably be questioned, including but not limited to the following circumstances:
>
> . . . .
>
> (6) The judge:
>
> (A) served as a lawyer in the <u>matter in controversy</u>, or was associated with a lawyer who participated substantially as a lawyer in the matter during such association[.]

(Formatting altered and emphasis added.)

Though HRCJC does not explain what constitutes a "matter in controversy," this court has determined "the term 'matter' appears to refer to a case (which will have a 'final disposition') before the court, not other cases involving the same or similar issues." <u>Kondaur Cap. Corp. v. Matsuyoshi</u>, 150 Hawai'i 1, 15, 496 P.3d 479, 493 (App. 2021).

12

Here, the two lawsuits Judge Cataldo was purportedly adverse to Mahoney were case numbers 1CC161001492 and 1CC171001820, both entitled Visionsafe Corp. et al. v. Cades Schutte LLP et al., which asserted legal malpractice claims.

Mahoney was one of the plaintiffs in the Visionsafe lawsuits. Judge Cataldo was employed at McCorriston Miller Mukai MacKinnon, which represented Cades in the Visionsafe lawsuits.

But the Visionsafe lawsuits did not involve Pumehana, its financing, or dissolution of a partnership. Moreover, Judge Cataldo's participation in the Visionsafe lawsuits did not change the evidence presented with the motion for summary judgment in the special proceeding here - namely, Suh's contentious e-mails and refusal to agree on financing.

And when the Visionsafe lawsuits were brought to the circuit court's attention, the instant special proceeding was reassigned to Judge Ochiai. Judge Ochiai presided over Greene Lane's motion for reconsideration and HRCP Rule 60(b)(4) motion.

We decline to vacate the judgment in this case under these circumstances.

(6) In its ninth point of error, Greene Lane contends the circuit court erred in "exercising jurisdiction over a [temporary restraining order (**TRO**)] matter" as "[o]nly the district courts have the authority to issue injunctions against

13

harassment[,]" under HRS § 604-10.5(b) (2016).[6]  (Some formatting altered.)

"Hawaiʻi courts 'have the inherent power and authority to control the litigation process before them and to curb abuses and promote fair process[.]'"  Kaina v. Gellman, 119 Hawaiʻi 324, 330, 197 P.3d 776, 782 (App. 2008) (citation omitted).  "HRS § 603-21.9(1) & (6) is a legislative restatement of the inherent powers doctrine."  Id. at 331, 197 P.3d at 783 (footnote omitted).

On March 30, 2020, the parties agreed contact would be through their attorneys following communications Suh sent to Franco and Renee.  Suh, however, violated that agreement when he sent messages directly to Renee and/or Franco in June, August, and September 2020, regarding capital contributions, funding, the loan, their actions in the case, and their marriage (including "Go run to Lyle and Tobin. Get a tro on me. You twits."; "Right about now. You are trying to make me look like a bad guy in front of a judge."; "I can picture the self pity and acting the victim . . . seems like it's a common theme in your family. Communicate. It's healthy.").

---

[6]  HRS § 604-10.5(b) provides "[t]he district courts shall have the power to enjoin, prohibit, or temporarily restrain harassment."

Renee requested sanctions and an order enjoining Suh from contacting her.

The circuit court denied Renee's request for sanctions, as there was no court order in place when Suh violated the agreement to communicate through counsel.

But, relying on its inherent powers under HRS § 603-21.9 (2016),[7] the circuit court enjoined Greene Lane, "through any of its agents, representatives, and member-managers," from communicating directly with Renee and required all contact to go through her counsel. The circuit court found that the elements to issue an injunction were met, and Greene Lane did not expressly challenge that finding on appeal. See Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002) ("Findings of fact . . . not challenged on appeal are binding on the appellate court.").

---

[7] HRS § 603-21.9 provides in pertinent part:

The several circuit courts shall have power:

(1) To make and issue all orders and writs necessary or appropriate in aid of their original or appellate jurisdiction;

. . . .

(6) To make and award such judgments, decrees, orders, and mandates, issue such executions and other processes, and do such other acts and take such other steps as may be necessary to carry into full effect the powers which are or shall be given to them by law or for the promotion of justice in matters pending before them.

Suh's violation of the agreement to communicate through counsel and continued communication with Renee dictated a need for the circuit court to control the litigation and curb abuses. Thus, the circuit court did not abuse its discretion by using its inherent powers to enjoin Greene Lane from directly contacting Renee.

(7) Finally, in its two remaining points of error, Greene Lane challenges the denial of its HRCP Rule 60(b)(4) motion.

Greene Lane first contends the circuit court erred when it denied Greene Lane's HRCP Rule 60(b)(4) motion as it applied "the wrong legal standards" at the June 15, 2021 hearing on the motion.

Regardless of what the circuit court stated at the June 15, 2021 hearing, "a trial court's written order controls over its oral statements." State v. Milne, 149 Hawaiʻi 329, 335, 489 P.3d 433, 439 (2021).

In Conclusions of Law (**COL**) 2 and 3 in the "Findings of Fact (**FOF**), COL, and Order Denying Greene Lane's HRCP Rule 60(b)(4) Motion," the circuit court cited language directly from HRCP Rule 60(b)(4) and noted "a judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." (Emphases and citation

16

omitted.) This is the correct review of an HRCP Rule 60(b)(4) motion and Greene Lane does not challenge COL 2 and 3.

Greene Lane next contends the circuit court violated its due process rights.

"[D]ue process is flexible and calls for such procedural protections as the particular situation demands." Fujimoto v. Au, 95 Hawaiʻi 116, 164, 19 P.3d 699, 747 (2001) (citations omitted). "The basic elements of procedural due process of law require notice and an opportunity to be heard at a meaningful time and in a meaningful manner." Id. (citations omitted).

Here, Greene Lane participated in the special proceeding below as it filed an answer to the amended application for judicial dissolution, multiple motions, and was represented by counsel at hearings on various motions. Greene Lane was not denied due process.

Thus, the circuit court did not err in denying Greene Lane's HRCP Rule 60(b)(4) motion.

Based on the foregoing, we affirm the circuit court's April 22, 2021 Final Judgment; June 16, 2020 Order Denying Motion to Dismiss MJF's Amended Application for Judicial Dissolution; October 5, 2020 Order Granting MJF's Summary Judgment Motion; October 8, 2020 Order on Granting in Part and

17

Denying in Part Renee's Motion for Injunction Against Further Contact; and July 21, 2021 FOF, COL, and Order Denying Greene Lane's HRCP Rule 60(b)(4) Motion.

DATED:  Honolulu, Hawaiʻi, February 26, 2025.

On the briefs:

Robert G. Klein,
Kurt W. Klein,
David A. Robyak,
James M. Yuda,
for Respondent-Appellant,
Greene Lane Capital LLC.

William Meheula,
Natasha L.N. Baldauf,
D. Kaena Horowitz,
(Sullivan Meheula Lee),
for Applicant-Appellee,
MJF Development Corporation.

Lyle S. Hosoda,
Kourtney H. Wong,
Spencer J. Lau,
for Respondent-Appellee,
Renee E. Mola.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge