**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000645**
**18-MAR-2025**
**07:42 AM**
**Dkt. 107 SO**

NO. CAAP-21-0000645


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


WILMINGTON SAVINGS FUND SOCIETY FSB AS TRUSTEE FOR STANWICH
MORTGAGE LOAN TRUST SERIES 2013-6, Plaintiff-Appellee,
v. RANDOLPH BAHAM, Defendant-Appellant, and TOYOKO
BAHAM; JONAH KOGEN; AMERICAN SAVINGS BANK, F.S.B.;
MILILANI TOWN ASSOCIATION; ASSOCIATION OF APARTMENT
OWNERS OF OPUA HALE PATIO HOMES; STATE OF HAWAIʻI
DEPARTMENT OF TAXATION, Defendants-Appellees, and JOHN
AND MARY DOES 1-20; DOE PARTNERSHIPS, CORPORATIONS OR
OTHER ENTITIES 1-20, Defendants-Appellees

ASSOCIATION OF APARTMENT OWNERS OF OPUA HALE PATIO HOMES,
Counter/Cross-Claimant-Appellee, v. WILMINGTON SAVINGS
FUND SOCIETY FSB AS TRUSTEE FOR STANWICH MORTGAGE LOAN
TRUST SERIES 2013-6, Counter/Defendant-Appellee, and
RANDOLPH BAHAM, Cross/Defendant-Appellant, and TOYOKO
BAHAM; JONAH KOGEN; AMERICAN SAVINGS BANK, F.S.B.;
MILILANI TOWN ASSOCIATION; STATE OF HAWAIʻI DEPARTMENT
OF TAXATION, Cross/Defendants-Appellees, and JOHN AND
MARY DOES 1-20; DOE PARTNERSHIPS, CORPORATIONS OR
OTHER ENTITIES 1-20, Cross/Defendants-Appellees

MILILANI TOWN ASSOCIATION, Defendant/Crossclaimant-
Appellee, v. RANDOLPH BAHAM, Defendant/Crossclaim

Defendant-Appellant and TOYOKO BAHAM; JONAH KOGEN;
AMERICAN SAVINGS BANK, F.S.B.; ASSOCIATION OF
APARTMENT OWNERS OF OPUA HALE PATIO HOMES; STATE OF
HAWAIʻI DEPARTMENT OF TAXATION, Defendants-Appellees,
and JOHN AND MARY DOES 1-20; DOE PARTNERSHIPS,
CORPORATIONS OR OTHER ENTITIES 1-20, Defendants-
Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC181000323)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

This appeal arises out of a condominium association's foreclosure on a condominium unit due to unpaid assessments. We affirm in part and vacate in part.

Defendant-Appellant Randolph Baham (**Baham**) appeals from the Circuit Court of the First Circuit's (**Circuit Court**)[1] (1) July 27, 2021 "Findings of Fact, Conclusions of Law, [(**FOFs/COLs**)] and Order Granting in Part and Denying in Part Defendant and Counter/Cross-Claimant Association of Apartment Owners of Opua Hale Patio Homes' [(**Association**)] Motion for Summary Judgment [(**MSJ**)] as to Counter-Claim and Cross-Claim and for Interlocutory Decree of Foreclosure and Order of Sale, Filed May 19, 2021" (**Order Granting MSJ**); (2) July 27, 2021 Judgment; and (3) Octoberʻ13, 2021 "Order Denying [Baham]'s Motion for Reconsideration" (**Order Denying Reconsideration**).

On appeal, Baham raises the following points of error (**POEs**),[2] contending the Circuit Court erred by: **(1)** granting the

---

[1] The Honorable Dean E. Ochiai presided.

[2] Baham's eight POEs lettered (a) through (h) have been numbered, restated, and consolidated for clarity. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4) (requiring numbered POEs).

Association's MSJ where there was "a genuine issue of material fact concerning the validity" of Jonah Kogen's (**Kogen**) September 26, 2018 quitclaim deed (**2018 quitclaim deed**) to Baham, and challenging FOFs 2 and 13;[3] **(2)** denying Baham's motion for reconsideration; and **(3)** awarding attorneys' fees and costs to the Association based on its finding that the motion for reconsideration was without merit.[4]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Baham's POEs as follows.

On February 28, 2018, Plaintiff-Appellee Wilmington Savings Fund Society FSB as Trustee for Stanwich Mortgage Loan

---

[3]     FOFs 2 and 13 stated:

> 2.     Defendant Baham is the current owner of the subject property . . . , which is described herein on Exhibit "A", [sic] by virtue of that certain Quitclaim Deed ("Baham Deed") filed in the Office of the Assistant Registrar, Land Court, State of Hawaii ("Land Court") on September 26, 2018, as Document No.: T-10495330.

> . . . .

> 13.     Defendant Kogen held title to the Property from September 3, 2013, until September 26, 2018, at which point Defendant Kogen voluntarily conveyed title to the Property to Defendant Baham pursuant to the settlement agreement reached between the parties and this Court's May 17, 2018 Order voiding the Association's 2013 non-judicial foreclosure sale and subsequent Kogen Deed [(**Amended Order**)].

[4]     Baham did not appeal from the November 22, 2021 "Order Granting [Association's] Request for Attorneys' Fees and Costs" (**Order Awarding Fees and Costs**), which he challenges. Nevertheless, because the Circuit Court announced its decision to award attorneys' fees and costs in its October 13, 2021 Order Denying Reconsideration, we deem Baham's notice of appeal to include the Order Awarding Fees and Costs. See HRAP Rule 4(a)(2) ("If a notice of appeal is filed after announcement of a decision but before entry of the judgment or order, such notice shall be considered as filed immediately after the time the judgment or order becomes final for the purpose of appeal.").

Trust Series 2013-6 filed a "Complaint to Foreclose Mortgage" (**Complaint**) on Baham's condominium unit (**property**). The Complaint named Baham and the Association as defendants. The Association subsequently filed a cross-claim against Baham for unpaid maintenance fees and other charges, requesting a foreclosure sale of the property.

On May 19, 2021, the Association filed the MSJ at issue in this appeal against Baham,[5] requesting an interlocutory decree of foreclosure and sale of the property for unpaid assessments. The record of the MSJ and unchallenged FOFs[6] in the FOF/COLs and Order Granting MSJ establish that Baham owned the property until September of 2013, when the Association conducted a nonjudicial foreclosure on the property due to Baham's failure to pay assessments. Kogen purchased the property at the nonjudicial foreclosure auction and acquired title to the property from the Association as grantor, via a September 3, 2013 quitclaim deed (**2013 quitclaim deed**) recorded in Land Court. Kogen held title to the property from September 3, 2013 to September 26, 2018, when Kogen transferred title to the property back to Baham via the 2018 quitclaim deed recorded in Land Court. Kogen's transfer of title back to Baham was pursuant to a settlement of a lawsuit that arose out of the 2013 nonjudicial foreclosure, involving Baham, Kogen, and the Association's attorneys.

The settlement was described in the 2018 quitclaim deed as follows:

---

[5]     In 2020, the Association filed a prior motion for summary judgment on its claims, and for an interlocutory decree of foreclosure and sale of the property. This motion was granted, but subsequently set aside on reconsideration on January 28, 2021.

[6]     Unchallenged findings are binding. Kelly v. 1250 Oceanside Partners, 111 Hawaiʻi 205, 227, 140 P.3d 985, 1007 (2006).

> THAT WHEREAS, [Kogen] was the purchaser of the Property hereinafter described, . . . ;
>
> WHEREAS, pursuant to that certain (1) Confidential Settlement, Release, and Indemnification Agreement dated March 28, 2018 reached in in [sic] that certain action captioned *Randolph Baham v. Porter McGuire Kiakona &:* [sic] *Chow LLP* et al., Civil No. 13-1-2851-10 DEO, Circuit Court of the First Circuit, State of Hawaii (the "Action"), [Kogen] agreed to surrender and release all claims and rights to ownership of and title on the property; and (2) Amended Order Nullifying May 28, 2013 Non-Judicial Foreclosure Sale filed May 17, 2018 in the Action [(**Amended Order**)], the May 28, 2013 non-judicial foreclosure sale of the Property and subsequent Quitclaim Deed recorded on September 3, 2013 as Document Number T-8646023, Title of Certificate No. 507803, 1066199, were declared null and void.

As noted above, the settlement included a May 17, 2018 Amended Order in that case, Civil No. 13-1-2851-10, which nullified the 2013 nonjudicial foreclosure sale and the 2013 quitclaim deed transferring title to Kogen. The 2018 quitclaim deed stated that pursuant to the settlement, Kogen "agreed to surrender and release all claims and rights to ownership of and title on the property"; and Kogen executed the deed as grantor, and Baham did so as grantee. Both Kogen and Baham certified that each "executed the same as his free act and deed." In unchallenged FOF 4, the Circuit Court found that "Kogen voluntarily conveyed title back to Defendant Baham" via the 2018 quitclaim deed.

In the MSJ, the Association sought to recover (1) unpaid assessments and charges owed by Baham that were not discharged by the 2013 nonjudicial foreclosure sale; (2) unpaid assessments and charges incurred by Baham after the September 26, 2018 quitclaim deed conveyed title from Kogen to Baham; and (3) pursuant to Hawaii Revised Statutes (**HRS**) § 514B-144(f), unpaid assessments and charges incurred by Kogen during his ownership of the property from 2013 to 2018, for which Baham allegedly became responsible for, because of Kogen's voluntary

5

2018 conveyance to Baham. The Association claimed the total amount of Baham's delinquency was $62,192.50.

In opposing the Association's MSJ, Baham's primary contention was that because the Amended Order declared both the 2013 foreclosure sale and 2013 deed to Kogen "null and void," Kogen's 2018 quitclaim deed to Baham did not validly convey title, and therefore, Baham was not the owner of the property and could not be held liable for unpaid assessments and charges to date. Baham argued that the Amended Order did not set aside the foreclosure itself, but only the sale of the property to Kogen. Baham claimed that as a result, the Association had retained title to the property, and that Kogen's 2018 quitclaim deed conveying title to him was a "'wild' deed" outside the chain of title.

On July 27, 2021, the Circuit Court issued its FOFs/COLs and Order Granting MSJ. The Circuit Court rejected Baham's argument, finding that Baham previously held title to the subject property until September 2013, at which time Kogen purchased the property in the nonjudicial foreclosure; and that Kogen conveyed title to the property back to Baham via the 2018 quitclaim deed, pursuant to a settlement agreement and the Amended Order. The Circuit Court granted the Association's MSJ in part, allowing the Association to foreclose its lien on the property, but limiting the Association's recovery of delinquent assessments and charges to the period from September 26, 2018 (the recording date of Kogen's 2018 quitclaim deed to Baham), until the date of foreclosure. The Order Granting MSJ determined that "[f]rom September 26, 2018 to March 15, 2021, Defendant Baham has failed to pay $41,701.51 in sums due and owing to the Association[.]"

6

On August 6, 2021, Baham filed a motion for reconsideration of the Order Granting MSJ, which reiterated his claim that the 2018 quitclaim deed from Kogen was invalid due to the Amended Order; disputed the amounts that the Association claimed were delinquent; asserted that the Order Granting MSJ contained no language that the MSJ was denied in part; and claimed the Association lacked necessary authority from its Board of Directors to proceed with the lien and foreclosure against him.

On October 13, 2021, following a hearing, the Circuit Court issued its Order Denying Reconsideration. The Circuit Court determined that the motion for reconsideration was without merit, and that the Association was entitled to the attorneys' fees it incurred in opposing the motion.

On November 22, 2021, the Circuit Court issued its Order Awarding Fees and Costs to the Association.

Baham timely appealed.

## 1. The Circuit Court did not err in granting the MSJ based on the validity of the 2018 quitclaim deed.

"On appeal, the grant or denial of summary judgment is reviewed de novo." Ralston v. Yim, 129 Hawaiʻi 46, 55, 292 P.3d 1276, 1285 (2013) (citation omitted).

Relying on Kondaur v. Matsuyoshi, 136 Hawaiʻi 227, 241, 361 P.3d 454, 468 (2015) which stated that "a quitclaim deed is capable of conveying only that which the predecessor-in-interest already possessed in the first place," Baham argues that: the Amended Order declared the "2013 nonjudicial foreclosure sale and quitclaim deed" to be "null and void"; "the Amended Order removed any legal interest that Kogen could convey" by the 2018 quitclaim deed to Baham; and thus, the 2018 quitclaim deed from Kogen to Baham "conveyed 'nothing' as the Amended Order left

7

grantor Kogen with nothing to give."  Baham also challenges the validity of the 2018 quitclaim deed by attempting to deny the settlement, stating "nothing in the record shows a settlement agreement that mandates that Kogen transfer the real property to [Baham][.]"  Finally, while Baham does not present any specific argument as to why FOFs 2 and 13 are clearly erroneous, see HRAP Rule 28(b)(7), the unchallenged FOFs and the record set forth supra reflect that these FOFs (which are actually COLs), are correct.

Baham's arguments attacking the validity of the 2018 quitclaim deed that established his ownership of the property and responsibility for the assessments, are unpersuasive.  Here, the recitals in the 2018 quitclaim deed[7] explained that Kogen released all claims to the property under the settlement, and the deed itself reflects a voluntary conveyance from Kogen as grantor and Baham as grantee.  The deed and its recitals support the Circuit Court's unchallenged FOF 4, which found that "Baham previously held title to the [p]roperty until September of 2013" when the Association non-judicially foreclosed; that Kogen

---

[7]     The recitals in the deed are admissible substantive evidence under Hawai'i Rules of Evidence (**HRE**) Rule 803(b)(15), which provides that:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . .
>
> **(15) Statements in documents affecting an interest in property.**  A statement contained in a document purporting to establish or affect an interest in property if the matter stated was relevant to the purpose of the document, unless the circumstances indicate lack of trustworthiness.

The Commentary to HRE Rule 803 explains the rationale for the (b)(15) exception as follows:  "The general circumstances under which documents of conveyance and similar instruments are usually executed provide a strong circumstantial guarantee of trustworthiness, justifying the admissibility under a hearsay exception of facts contained in them."

acquired title through that sale; and "Kogen voluntarily conveyed title back to . . . Baham" via the 2018 quitclaim deed. The deed's recitals expressly reference the settlement and the Amended Order, and that the 2013 nonjudicial foreclosure sale and subsequent 2013 deed (from the Association to Kogen) "were declared null and void."  The 2018 quitclaim deed reflects that the parties, including Baham, agreed in the settlement to nullify the 2013 sale to Kogen and the 2013 deed from the Association to Kogen; and the deed reflects that both Kogen and Baham voluntarily executed the deed with notarized, certified statements that each did so "as his free act and deed."

Thus, we conclude the Circuit Court's reliance on the 2018 quitclaim deed in granting summary judgment for the Association was not erroneous.  See Ralston, 129 Hawaiʻi at 55, 292 P.3d at 1285.

### 2. The Circuit Court's denial of Baham's motion for reconsideration was not an abuse of discretion.

A circuit court's denial of a motion for reconsideration is reviewed under an abuse of discretion standard.  Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 26 (1992).

Baham argues that the Circuit Court erroneously failed to limit the Association's relief to the period after the 2018 quitclaim deed, when the property was conveyed to Baham.[8]

_____

[8]    In light of our holding that the Circuit Court properly relied on the 2018 quitclaim deed, we need not address Baham's reconsideration argument that the Circuit Court erred when it "refused to invalidate the [2018] quitclaim deed."  We also decline to address Baham's reconsideration argument that the Association had no authority from its board of directors to foreclose, because Baham first raised this argument on reconsideration and not before.  See Amfac, Inc., 74 Haw. at 114, 839 P.2d at 27 ("The purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion." (citations omitted)).  Finally, we do not address Baham's reconsideration argument regarding the general accuracy of the

The Circuit Court's Order Granting MSJ did limit the Association's assessment to the period after the 2018 quitclaim deed, and Baham's argument is mistaken. The Order Granting MSJ stated that "[t]he Association's Motion is GRANTED IN PART with regards to the delinquency stemming from September 26, 2018 onwards"; and expressly limited the amount as owed as such: "[f]rom September 26, 2018 to March 15, 2021, Defendant Baham has failed to pay $41,701.51 in sums due and owing to the Association . . . ."

The Circuit Court did not abuse its discretion in denying the motion for reconsideration. See id.

### 3. The Circuit Court's award of attorneys' fees and costs on the motion for reconsideration is vacated.

"This court reviews a lower court's award of attorneys' fees for abuse of discretion." Yoneji v. Yoneji, 136 Hawai'i 11, 15, 354 P.3d 1160, 1164 (App. 2015) (citation omitted).

Baham contends that the Circuit Court "err[ed] by finding that the motion for reconsideration was 'without merit' and awarding attorney [sic] fees and costs" to the Association.

The Order Awarding Fees and Costs did not identify a basis for the award. The Circuit Court stated at the hearing on the motion, that it would "assess attorneys['] fees for defending against this motion," which it "deemed without merit." Based on the Circuit Court's statement, it appears the award of attorneys' fees and costs was issued as a sanction. Because the Circuit Court did not state the authority for its award, invoke Hawai'i Rules of Civil Procedure (**HRCP**) Rule 11(c)(1)(B), or find that Baham acted in bad faith, the award was outside its

---

delinquent assessments, as Baham does not challenge specific charges or amounts. See HRAP Rule 28(b)(7).

10

discretion.  See HRCP Rule 11(c)(1)(B) (requiring entry of "an order describing the [prohibited] conduct" and "directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) of this Rule"); Kaina v. Gellman, 119 Hawaiʻi 324, 331, 197 P.3d 776, 783 (App. 2008) (requiring the court to state the authority for its award of fees and costs, and to make "a specific finding of bad faith" to invoke its inherent powers to sanction); Yoneji, 136 Hawaiʻi at 15, 354 P.3d at 1164.

For the reasons set forth above, we affirm the Circuit Court's July 27, 2021 FOFs/COLS and Order Granting MSJ; July 27, 2021 Judgment; and the October 13, 2021 Order Denying Reconsideration.  We vacate the November 22, 2021 Order Awarding Fees and Costs, and remand for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, March 18, 2025.

On the briefs:

Matthew K. Chung,
for Defendant-Appellant
RANDOLPH BAHAM.

Christopher T. Han,
for Defendant and
Counter/Cross-Claimant-
Appellee ASSOCIATION OF
APARTMENT OWNERS OF OPUA HALE
PATIO HOMES.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

11